# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02083-NYW

CITY & COUNTY OF DENVER COURT, THE,

    Plaintiff,

v.

CRAIG LYONS,

    Defendant.

---

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court pursuant to the Order to Show Cause issued September 8, 2017 [#4], and the Order of Reference dated October 5, 2017 [#10]. This case was directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). Though Mr. Lyons filed a Consent Form to the Jurisdiction of Magistrate Judge on September 21, 2017 [#6], a review of the Consent Form indicated that both Parties had not consented to the jurisdiction of a magistrate judge, and no counsel has entered her or his appearance on behalf of the City and County of Denver. Indeed, it is not clear from the docket whether Mr. Lyons has served the City and County of Denver with the Notice of Removal. Without consent of all Parties, this court lacked statutory authority to proceed as the presiding judicial officer. 28 U.S.C. § 636(c). Accordingly, this court ordered that the case be drawn to an Article III judge. [#8].

## BACKGROUND

Mr. Lyons filed his Notice of Removal on August 30, 2017. [#1]. Defendant seeks to remove two underlying state court actions, both involving traffic infractions and one arrest: Adams County No. 2016T4597 and City and County of Denver No. 17M02570. [*Id.* at 3]. Though not entirely clear, Defendant also seeks to invoke this court's jurisdiction because he asserts counterclaims against Adams County (though not listed on the docket) and the City and County of Denver, and lists several federal statutes and case law, including 18 U.S.C. § 1951 for interference with commerce by threats or violence; "28 U.S.C. §§ 1981-1985 Civil action for deprivation of rights" and "The Federal Codes thus far listed"; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* [*Id.* at 7–9]. Mr. Lyons asserts that removal is proper under 28 U.S.C. § 1455.

On September 8, 2017, the undersigned Magistrate Judge issued an Order to Show Cause directing Mr. Lyons to show cause in writing on or before September 29, 2017, why this court should not have the case redrawn to a District Judge and recommend dismissal and/or remand of this action. *See* [#4]. Specifically, this court noted that even construing Mr. Lyons's *pro se* pleadings liberally,[1] it was unclear what federal causes of action he was pursuing in this matter, or that he could remove state criminal proceedings and then assert federal civil counterclaims against the municipality plaintiffs. [*Id.*]. Further, it was unclear whether Mr. Lyons's Notice of Removal was timely under 28 U.S.C. § 1455(b)(1). [*Id.*].

---

[1] Because Plaintiff proceeds *pro se*, this court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the court cannot act as an advocate, even for a *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the court applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir.2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

On September 21, 2017, Mr. Lyons filed a signed Consent Form to the exercise of jurisdiction by a Magistrate Judge, indicating his consent to the undersigned's jurisdiction. [#6]. Mr. Lyons responded to the Order to Show Cause on September 28, 2017. [#7]. The court considers his response below.

## ANALYSIS

To start, Mr. Lyons concedes that he failed to remove the two underlying criminal proceedings within thirty (30) days of his arraignment, but that he removed the actions before any trial. *See* [#7 at 4]. He also requests that the court find good cause for an untimely removal because he is "currently under coercive oppression from The County Agents." [*Id.*]. Notwithstanding Mr. Lyons's timeliness arguments, the court concludes that removal of his underlying traffic-related actions is inappropriate. *Cf. LaFortune v. Krista*, No. 12-CV-00971-LTB, 2012 WL 1278041, at *1 (D. Colo. Apr. 16, 2012) (finding that Ms. Krista failed to allege that she filed a timely Notice of Removal of her "traffic" case).

Under certain circumstances, "a defendant may remove a state criminal prosecution to federal court[.]" *Pledger v. Kansas*, 686 F. App'x 593, 594 (10th Cir. 2017) (unpublished) (citing 28 U.S.C. § 1443 (governing removal of civil-rights cases)). In doing so, a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Courts may remand a state criminal prosecution for (1) lack of subject matter jurisdiction or (2) "any defect other than lack of subject matter jurisdiction." *Id.* § 1447(d); *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (noting that remand for these two reasons are insulated from appellate review). Any defect includes: "(1) noncompliance with the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A);

and (3) noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state."[2] *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017).

Here, Mr. Lyons's Notice of Removal invokes only § 1455(b).[3] [#1 at 6]. As grounds for removal, Mr. Lyons argues that the underlying traffic-related cases violate RICO because the "County Agents" are directly and/or indirectly benefitting from the illegal racketeering activity of forcing Colorado drivers to register their vehicles and obtain a license prior to operating their vehicles. *See* [#7 at 5–7]. Mr. Lyons also invokes 42 U.S.C § 1983, and avers that such requirements are inconsistent with federal law, and that they violate the Privileges and Immunities clause of the Fourth Amendment, his Ninth Amendment rights to "ordinary travel," and his Fourteenth Amendment rights to liberty (i.e., "ordinary travel"). [*Id.* at 7–10]. None of these proffered reasons are sufficient to satisfy the removal requirements.

First, as indicated in the Order to Show Cause, "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). This is especially true in removal actions. *See Nielsen v. Archdiocese of Denver*, 413 F. Supp. 2d 1181, 1183 (D. Colo. 2006). Consequently, it is insufficient for Mr. Lyons to establish subject matter jurisdiction over this matter by alleging that he seeks to raise federal law counterclaims against the various "County Agents." In *South Carolina v. Tucker*, the court reached a similar conclusion as to Ms. Tucker's assertion that her

---

[2] Mr. Lyons' place of residence is unclear from his Notice of Removal, as it appears to suggest that he is either a resident of Colorado or Iowa. [#1 at 1]. Because this court concludes it lacks subject matter jurisdiction over the action, it does not address the forum-defendant exception to removal under § 1441(b).

[3] "However, that statute merely describes the procedural requirements for removing criminal cases; it does not provide a substantive entitlement for removal." *Toas Cty. Magistrate Court v. Currier*, 625 F. App'x 358, 361 n.1 (10th Cir. 2015) (unpublished).

4

traffic tickets for failure to possess a vehicle registration card and for failure to maintain proof of insurance presented a federal question. No. CV 3:17-1811-JFA-PJG, 2017 WL 3773137, at *1 (D.S.C. Aug. 11, 2017). The court concluded, "[Ms.] Tucker asserts the court has jurisdiction over this matter because it involves a federal question, which is not sufficient to meet the requirements of removal." *Id.*

Moreover, Mr. Lyons fails to demonstrate that removal is warranted under §§ 1442, 1442a, or 1443. To start, removal under §§ 1442 and 1442a is inappropriate, as Mr. Lyons does not allege any action against federal officers or agencies (§ 1442) or that he is a member of the armed forces (§ 1442a). Nor does Mr. Lyons demonstrate that removal is appropriate under § 1443. Removal under § 1443 is appropriate if Mr. Lyons establishes (1) he was denied a federal right that provides for the civil rights of racial equality, and (2) he cannot enforce those rights in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Neither showing has been made here. *See, e.g.*, *People of State of Colo. v. Glaser*, 74 F.3d 1250 (Table), 1996 WL 21256, at *1 (10th Cir. Jan. 19, 1996) (affirming the district court's remand of Mr. Glaser's state court traffic-ticket cases for failure to satisfy § 1443); *United States v. McCaleb-Bey*, No. 15-y-00051-GPG, 2015 WL 4698833, at *1–2 (D. Colo. Aug. 7, 2015) (same). Rather, it appears that Mr. Lyons contends that the traffic-related cases "will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination," which is insufficient. *People of State of Colo. v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (affirming district court's remand because Dr. Lopez asserted only that this rights to a speedy trial and general constitutional rights had been violated, which was insufficient). Accordingly, Mr. Lyons fails to satisfy the requirements for removal of his underlying traffic-

related cases.[4] *See Bartnick v. City of Greenwood Vill.*, 61 F.3d 915 (Table), 1995 WL 427677, at *1 (10th Cir. Jul. 20, 1995) (affirming remand of Ms. Bartnick's two state court proceedings arising out of traffic infractions).

## CONCLUSION

Accordingly, I respectfully **RECOMMEND** that:

(1) Adams County No. 2016T4597 and City and County of Denver No. 17M02570 be summarily **REMANDED**.[5]

**IT IS ORDERED** that:

(1) A copy of this Recommendation and Order shall be sent to the following:

Craig Lyons
P.O. Box 625

---

[4] To the extent Mr. Lyons wishes to pursue federal claims against the various "County Agents" alluded to in his Notice of Removal, Mr. Lyons may do so by filing a complaint naming such actors as Defendants, and complying with the service and pleading requirements of the Federal Rules of Civil Procedure.

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Brighton, CO 80601

DATED: October 4, 2017					BY THE COURT:

							s/Nina Y. Wang_____
							United States Magistrate Judge